Docket No. 14-55334

---

In the

# United States Court of Appeals

for the

# <u>Ninth Circuit</u>

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

STEVE BALLARD, an individual, on behalf of himself and all other similarly situated,

*Plaintiff - Appellant,*

v.

BANK OF AMERICA, N.A.; RECONTRUST COMPANY, N.A.; U.S. BANK, N.A.; WELLS FARGO BANK, N.A.; NATIONSTAR MORTGAGE LLC,

*Defendants - Appellees.*

---

APPEAL FROM THE U.S. DISTRICT COURT
For the Central District of California, Santa Ana
Case No. SACV12-01698 The Honorable Josephine Staton, Presiding

---

## APPELLANT'S REPLY BRIEF

---

Lenore L. Albert, Esq. SBN 210876
Law Offices of Lenore Albert
7755 Center Avenue, Suite #1100
Huntington Beach, CA 92647
Ph: 714-372-2264
Fx: 419-831-3376
Email: lenorealbert@msn.com
*Counsel for Plaintiff – Appellant, Steve Ballard, an individual, on behalf of himself and all others similarly situated*

# TABLE OF CONTENTS

I.   FURTHER STATEMENT OF THE CASE ...................................................1

II.  ARGUMENT...........................................................................................6

   A.  THE DIRECT TESTIMONY OF APPELLANT WAS SUPPOSED TO BE
       BELIEVED WHEN RULING ON A SUMMARY JUDGMENT ......................6

   B.  A GENUINE ISSUE OF MATERIAL FACT EXISTED WARRANTING A
       TRIAL ON PLAINTIFF'S DECLARATORY RELIEF CLAIM.......................7

   C.  A GENUINE ISSUE OF MATERIAL FACT EXISTED WARRANTING A
       TRIAL ON PLAINTIFF'S VIOLATION OF 15 USC §1641(G) CLAIM..........13

   D.  PLAINTIFF HAD STANDING (INJURY) TO BRING AN UNFAIR
       COMPETITION LAW ("UCL") CLAIM ..................................................15

       1.  INJURY IN FACT AS TO BANK OF AMERICA................................15

       2.  INJURY IN FACT AS TO US BANK AND WELLS FARGO ...............18

   E.  NATIONSTAR BECAME THE SUBSERVICER OF BALLARD'S LOAN
       AND AS SUCH WAS JOINTLY AND SEVERALLY LIABLE.......................20

   F.  A GENUINE ISSUES OF MATERIAL FACT EXISTED WARRANTING A
       TRIAL ON PLAINTIFF'S NEGLIGENCE CLAIM ......................................21

   G.  PROBATIVE EVIDENCE EXISTS SHOWING THE LOAN WAS
       TRANSFERRED TO US BANK AND WELLS FARGO AFTER 15 USC
       § 1641(G) WAS ENACTED IN 2009 ......................................................22

   H.  AN OSC RE: SANCTIONS ARE WARRANTED .......................................23

III. CONCLUSION .........................................................................................25

IV.  STATEMENT OF RELATED CASES ...............................................................26

V.   CERTIFICATE OF COMPLIANCE....................................................................27

VI.  CERTIFICATE OF SERVICE..........................................................................28

# TABLE OF AUTHORITIES

**Cases**

American Motorcycle Assn. v. Superior Court (1978) 20 Cal.3d 578, 590.................................................................................................. 21

Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104, 111 S. Ct. 2166, 115 L. Ed. 2d 96 (1991) ........................................................ 14

Boschma v Home Loan Ctr, Inc. 198 CalApp4th 230, 254 (2011) ..................... 17

Cazares v Pacific Shore Funding, 2006 WL 149,106 (CD Cal Jan 3 2006) ............................................................................................... 15

Gilbert v Residential Funding LLC. 678 F3d 271 (9th Cir. 2012) ......................... 9

In re Mortgage Electronic Registration Systems, Inc. 2014 U.S. App. LEXIS 10934 (9th Cir. 2014)..................................................... 12

Johnson v General Mills, Inc., 275 FRD 282, 286 (CD Cal 2011)....................... 17

Jolley v Chase 213 Cal App4th 872 (2013). ....................................................17, 20

Kwikset Corp. v. Superior Court, 51 Cal. 4th 310 (2011).................................... 18

Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 323 (2011) ........................... 18

Leslie v. Grupo ICA, 198 F.3d 1152, 1159 (9th Cir. 1999) ............................ 7, 17

Li v. Yellow Cab Co. (1975) 13 Cal.3d 804, 829 ............................................... 21

Mack v. S. Bay Beer Distribs. Inc., 798 F.2d 1279, 1282 (9th Cir. 1986) ........................................................................................... 14

McCulley v American Land Title Co. (US Bank) 2013 MT 89; 369 Mont. 433; 300 P.3d 679; 2013 Mont. LEXIS 112 (Mont. 2013).................... 24

Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir. 2004) ............................................................................................. 7

Rivera-Lopez v Dorado, 979 F2d 885 (1st Cir. 1992) ......................................... 11

Rosenfeld v. JP Morgan Chase Bank, N.A., 732 F. Supp. 2d 952, 959 (N.D. Cal. 2010) ............................................................................... 14

Talaie v Wells Fargo Bank, N.A.  Case No. 13-56314 ....................................... 26

Wallace v Geico General Ins, Co, 183 CalApp4th 1390, 1401 (2010)................. 16

White Indus. v Cessna Aircraft Co ..................................................................... 11

**Statutes**

15 U.S.C. § 1641(d)(1), ..................................................................................15

15 USC § 1641g..........................................................................................passim

28 USC § 1927 ...................................................................................25

Cal Code Civ Proc. §2924...............................................................11

**Rules**

Fed. R. Evid. 801 ............................................................................11

Ninth Circuit Rule 28-2.6.................................................................26

Ninth Circuit Rule 28-4 ...................................................................27

Ninth Circuit Rule 46-2 ...................................................................25

## I.    FURTHER STATEMENT OF THE CASE

In response to Defendants' "Statement of Facts and Procedural History," the fact that their facts they deem "material" contradicts Mr. Ballard's facts only demonstrates that a genuine issue of material fact existed.

Defendant contends that plaintiff did not qualify for a HAMP modification and applied for a private modification in September 2011. (RB 9). Defendant also contends that the investor denial letter merely meant "plaintiff was informed that he was not eligible for the loan modification because he did not meet the program's requirements." (RB pg 8, 10 fnt 3) [ER 143]

Plaintiff showed the court the denial letter that said an investor or group of investors ...has not given us the contractual authority to modify your loan." [ER 3:378-82, 6:1092]  Terms in a letter are supposed to be given a reasonable interpretation. The fact that a letter may be interpreted in two different ways supports the notion that summary judgment was improper. Ballard testified he qualified for a loan modification and presented the HAMP Guidelines showing as much. The trial court relied on Defendants representations and found Ballard was not injured because he was not eligible for a loan modification. [ER 1:8]

While this appeal was pending. Ballard in fact obtained a loan modification – on the loan that Defendants represented to the court – could not be modified. In fact, he is now modifying the HELOC, too. [RJN/FER 1-15]

If the court determined that the letter was merely a letter stating Ballard did not meet HAMP program's requirements, then the court should reverse because that was clear error. Ballard alleged he was wrongfully denied a loan modification. That he qualified for a loan modification and made payments or missed payments as instructed. When the bank refused to modify his loan he went into a local bank branch to make his payment on his loan and they refused to accept it. It was on the bank's computer screen instructing the bank not to accept his payment. [ER 3:378-82, 6:1077 (6:1076-1088, 1092)]

When he tried to resume his payments with Bank of America, they refused to accept them and said they were going to foreclose. So he started demanding who his investor was, as his original Lender, Countrywide, had went out of business. [ER 3:379-84, 6:1076-1088]

Mr. Ballard was never given a straight answer. [ER 3:378-82, 6:1076-1114]

From August 2011 to the present, Bank of America has made the following conflicting representations as to whom Mr. Ballard's current creditor is:

- August 2011 – "Wells Fargo (MASTR2003-7)"
- February 7, 2012 – "Wells Fargo"

- February 28, 2012 – "U.S. Bank Corporate Trust Services on behalf of MASTR Asset Securitization Trust 2003-7"
- March 5, 2012 – "Wells Fargo"
- July 12, 2012 – "U.S. Bank, National Association, Successor Trustee to Wachovia Bank National Association, As Trustee for the Holders of Mstr Asset Securitization Trust 2003-7"

[ER 3:378-82, 6:1076-1114]

Defendants contend it is uncontroverted that (1) Mr. Ballard's Countywide loan was transferred to the MASTR Asset Securitization Trust 2003-7 Mortgage Pass-Through Certificates, Series 2003-7; (2) US Bank is the trustee administering this trust making US Bank the current creditor/assignee; and (3) the transfer of Mr. Ballard's loan occurred before 2009 so compliance with 15 USC §1641(g) was not required when the transfer occurred. Because the transfer without notice was lawful, the defendants cannot be held liable under the UCL and declaratory relief would be inappropriate.

However, the evidence presented by Mr. Ballard contradicted those assertions. The "evidence" defendants presented, did not show that Mr. Ballard's loan actually went into the MASTR Asset Securitization Trust 2003-7. Some MBS documents list out the loan number, address, and amount so the loan can be identified. The MBS documents provided by defendants do not identify Mr. Ballard's loan as one of their loans.

Defendants contend that the judgment should be affirmed on the grounds the bank did not cause damage to Ballard. The evidence is contrary and detailed in the UCL section below.

Defendants also contend that none of them were a creditor or assignee for purposes of 15 USC § 1641g, either.

Plaintiff provided the court with evidence of what would amount to as party admissions, admissions against interest, or at the very least prior inconsistent statements of the party opponents in this regard. There were a series of letters stating the Wells Fargo was the creditor, then a second series of letters stating US Bank was the creditors. [6:1092-1114; 3:385-88] There were also recordings of assignments filed by the defendants in the County Recorder's office stating the Bank of America was the creditor, then Wells Fargo was the creditor, then HSBC Bank was the creditor. [4:710-751]

The fact that two assignments name an entirely different MBS trust show that there was a genuine issue of material fact whether the defendants were telling the truth that Ballard's loan ever ended up in the MSTR 2003-7 trust at all.

There is nothing showing Ballard's loan number, address, or loan amount with zip code in the FWP or 424b5 statement that was filed with the United States Securities & Exchange Commission in 2007 for the court to come to a conclusion as a matter of law that Ballard's loan was ever transferred to this trust.

4

Not only was this material for the 15 USC § 1641g claim, but it was also material to the request for declaratory relief. This is especially true when the court sees that this loan was originated by Countrywide Bank.

Sometimes lenders will sell the same loan to multiple banks. What is odd about the Ballard loan is that Bank of America has represented it took over the Ballard loan when Countrywide merged into it.

However, the defendants are also representing that the loan was already transferred to the MSTR 2003-7 trust a few years earlier. If the loan was transferred to the MBS trust, there would be no loan on Countrywide's books for Bank of America to obtain by way of merger.

The Servicer of the MSTR 2003-7 trust was Wells Fargo. Thus, the contract for sub-servicing rights was between Wells Fargo and Countrywide. That contract, which is also filed with the S.E.C. has the servicing of the loan revert back to the Master servicer Wells Fargo, not automatically go to a merging entity.

Defendants contend that it was irrelevant 2 assignments were recorded in the name of HSBC Sequoia Trust in 2013 while the summary judgment was pending because HSBC was not a defendant. The point was not that HSBC was the defendant, but it showed that a mere reference to a MBS trust does not lead to the inevitable conclusion that the loan must have been transferred before the cut off

5

date to the MBS trust so mentioned. It raised a material doubt as to when this loan was actually transferred and to whom.

Beyond what was in the record, the defendants had sole control over many documents that were not in the record. They did not provide the original collateral file with the Note, all bailment letters and assignments. They did not provide any evidence transferring the loan to the MASTR 2003-7 trust. They did not provide any accounting records of the MASTR 2003-7 trust or financial records showing transfer of payments received from Bank of America to US Bank as the trustee of MASTR 2003-7 trust before May 2009. That same lack of evidence proved to be true for Wells Fargo. They didn't even provide the Investor Denial sheets that are produced when investors are asked if they are willing to modify a loan and they refuse to do so.

## II.   ARGUMENT

### A. THE DIRECT TESTIMONY OF APPELLANT WAS SUPPOSED TO BE BELIEVED WHEN RULING ON A SUMMARY JUDGMENT

Defendants spent twenty-five pages arguing the facts in their brief, then contend that the district court was right in granting them summary judgment, although Defendants admit their facts are opposed to Appellants. Defendants imply their facts were deemed worthy of more weight than Appellants because Appellant relied on Ballard's declaration as to some facts. [3:379-98; 6:1077-1114] But that

simply is not the standard when ruling on a motion for summary judgment. Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999)

On review, the appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *See Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004).

## B. A GENUINE ISSUE OF MATERIAL FACT EXISTED WARRANTING A TRIAL ON PLAINTIFF'S DECLARATORY RELIEF CLAIM

The Ninth Circuit should reverse summary judgment on the Declaratory relief claim on the grounds defendant did not bring forth any law or facts to support an affirmance. Defendant only carved out one paragraph on page 46 to say "the court did not err." (RB 46)

Mr. Ballard asked for the court to determine the true creditor of his loan.

It remains material. He is still obligated on his loan. His insurance and tax are still being impounded, which was not originally the case and he has had to pay and capitalize interest, late fees and other charges he otherwise would not have had to pay but for the defendant's refusal to initially modify his loan. [ER 6:1092, 3:379-84, RJN/SER 1-12]

From August 2011 to the present, Bank of America has made the following conflicting representations as to whom Mr. Ballard's current creditor is:

- August 2011 – "Wells Fargo (MASTR2003-7)"
- February 7, 2012 – "Wells Fargo"
- February 28, 2012 – "U.S. Bank Corporate Trust Services on behalf of MASTR Asset Securitization Trust 2003-7"
- March 5, 2012 – "Wells Fargo"
- July 12, 2012 – "U.S. Bank, National Association, Successor Trustee to Wachovia Bank National Association, As Trustee for the Holders of Mstr Asset Securitization Trust 2003-7"

[ER 3:379-84, 6:1077-1114]

A NOD was recorded on March 6, 2012.

On August 16, 2013 a Corporate Trust Services Certificate was recorded giving Bank of America a limited power of attorney to execute records on behalf of U.S. Bank. [ER 4:726-35]

On August 26, 2013 Nationstar Mortgage represented "Wells Fargo Bank is the current owner of the Note."[ER 3:385-87]

On September 19, 2013 Nationstar executed a Corporate Assignment of Deed of Trust from Bank of America to HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF SEQUOIA 2007-1 TRUST, WHOSE ADDRESS IS 452TH AVE FL 10, NEW YORK, NY 10018.

On September 26, 2013 Nationstar executed a Corporate Assignment of Deed of Trust from Bank of America to HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF SEQUOIA 2007-1 TRUST. [ER 4:710-20]

The district court granted the defendants summary judgment, holding "Plaintiff is not entitled to such relief absent a viable underlying claim." [ER 1:1-12, 5]

Not all declaratory relief actions are subsumed by their counterparts. As explained in *Davies v. Deutsche Bank Nat'l Trust Co. (In re Davies)*, 2012 Bankr. LEXIS 393   (BAP 2012)

> In those California cases in which declaratory relief has been allowed along with a quiet title action, there has been some form of remedy requested in the declaratory relief action that could not be granted in a quiet title action alone.
>
> *Id.*

Mr. Ballard requested a determination as to who he was obligated to in the declaratory relief action which could not be granted in the 15 USC § 1641g cause of action alone. The only remedies Congress provided in a 15 USC § 1641g cause of action are damages and rescission as enumerated in the statute. *Gilbert v Residential Funding LLC.* 678 F3d 271 (9th Cir. 2012)

9

Unlike 15 USC § 1641g, a Declaratory relief claim would provide Ballard with an Order declaring to whom he is obligated to.

To walk the court through the securitization of this loan, if this loan was placed in the MASTR 2003-7 MBS trust, that transfer had to occur in 2007 from Countrywide to the Depositor. The Depositor would then transfer the loan to the trustee. At that point in time the MASTR 2003-7 MBS trust determined who would service the loan, not Countrywide.

When Countrywide then merged with Bank of America, Ballard's loan did not and could not merge with it because his loan was already transferred to the MASTR 2003-7 trust. Moreover, Bank of America could not automatically become the servicer because the MBS Trust agreements controlled and the Master Servicer controlled who could be a sub-servicer. This was all written out for the investors to ensure the investors that there would remain some quality control over the servicing of the loans.

If the MASTR 2003-7 trust obtained the loan in 2007, then Bank of America had nothing to acquire at that point from Countrywide. Any rights it could have acquired had to have come from the MASTR 2003-7 trust, not Countrywide with regard to Ballard's loan.

If Countrywide had transferred the loan to the HSBC Sequoia trust, on the other hand, a similar result would be achieved. Again, Bank of America could not

10

acquire any rights to Ballard's loan from the merger. Bank of America had to acquire those rights from the HSBC Sequoia trust.

Changing trustees in a trust also must be done by formality. It is a recorded event. If the trustee was changing from Wachovia to US Bank, that change had to appear in the trust. It is the MBS trust that drives the relationship, not corporate mergers and acquisitions outside the trust. Although corporate mergers and acquisitions can occur outside the trust, it does not mean that it substitutes for complying with the formalities of a trust. The same would be true for a family in a private trust. If a husband creates a family trust and names his wife as the current trustee, but then later divorces his wife – it does not change the terms of the trust. The wife remains the current trustee until or if the husband changes the trust document and takes the wife out of the trust as the trustee and appoints a new one.

The Federal Rules of Evidence, Rule 801 is clear that a statement by a party's agent may be admissible as admission of party when it is a recital of law of agency, not change in that law. *Rivera-Lopez v Dorado*, 979 F2d 885 (1st Cir. 1992). See also, *White Indus. v Cessna Aircraft Co*. 611 F Supp 1049, 19, (WD Mo 1985). Fed. R. Evid. 801.

The recitals in the Corporate Assignment of Deeds of Trusts were admissions of the party through their agents. The assignments state the agency relationship in it and Cal Code Civ Proc. §2924 et seq. requires the agency

11

relationship in order to record. Either way, if they were not authorized, it still makes it a genuine issue of material fact as to who the borrower is obligated to and what investor had the right to deny the loan modification and the loan payments after Mr. Ballard was told to miss his monthly payments in order to get the loan modified. [ER 3:379-87]

As such, the district court erred. This has prejudiced Mr. Ballard. He has been forced to negotiate a loan modification with Nationstar not knowing what creditor, if any, now owns his Countrywide loan.

His negotiated Loan Modification now shows him obligated to Fannie Mae/Freddie Mac. [RJN/FER 1-12]. MHA has always allowed these modifications. [ER 4:654-670]

Ballard provided tangible and direct evidence that the defendants denying his payments and his loan modification based on "investor denial" may not be the correct party to do so. The trust US Bank stakes a claim in is a completely different trust that HSBC Bank stakes a claim in. [ER 4:710-751, 6:1076-1114, 4:710-20]

Reversing summary judgment would be consistent with this Circuit's recent ruling in *In re Mortgage Electronic Registration Systems, Inc*. 2014 U.S. App. LEXIS 10934 (9th Cir. 2014).

### C. A GENUINE ISSUE OF MATERIAL FACT EXISTED WARRANTING A TRIAL ON PLAINTIFF'S VIOLATION OF 15 USC §1641(G) CLAIM

Defendants contend it was law of the case that summary judgment should be granted to defendants on the 15 USC § 1641g claim. (RB 38). Law of the case applies to the "law of the case" not the "facts." The class cert motion was based on standing. There is no evidence that further facts were not presented during the motion for summary judgment. The court was looking at the facts before it. This was not raised below by Defendants and the court did not rely on this doctrine. Although this is reviewed de novo, the Defendants did not even put forth the entire record and cite to it so that this Court can compare the record to see what evidence was used in the class certification motion and what evidence was used in the summary judgment motion. There is nothing cited or expounded upon with regard to what case law the court was looking at either. The only thing that can be gleaned from the very small snippet is that the district court ruled assignments after May 2009 would need to be reported to the borrower. There was the new Nationstar Letter stating Wells Fargo was the creditor. [ER 3:379-385]

The court should discount Defendants' theory that the law of the case somehow defeats a reversal of summary judgment on the 15 USC § 1641g argument.

As shown above in the declaratory relief action, and incorporated herein, Appellant did present probative evidence that Wells Fargo or US Bank became the "creditor" or "assignee" of Ballard's loan after 15 USC § 1641g took effect.

The district court erred when it allowed the moving party to write a declaration to nullify the admissions against the bank's interest contained in the assignments or their existence at all. At best, it left open the issue of material fact that was put in conflict. See *Mack v. S. Bay Beer Distribs. Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (stating that "matters of public record" are subject to judicial notice), overruled in part on other grounds by, *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 111 S. Ct. 2166, 115 L. Ed. 2d 96 (1991); *Rosenfeld v. JP Morgan Chase Bank, N.A.,* 732 F. Supp. 2d 952, 959 (N.D. Cal. 2010) (taking judicial notice of documents routinely recorded in a county's official records. [ER 6:1092-1114]

The court also said the assignments to HSBC bank were irrelevant because "Section 1641(g) requires only that the "new owners or assignee of the debt shall notify the borrower in writing of such transfer" – it places no obligation on the assignor of the debt." [ER 1:10]

The assignments showed there was a genuine issue if the loan went to the MASTER 2003-7 trust before May 2009.

Congress created a strict liability standard for assignees of HOEPA-covered loans. Significantly, the statute does not limit assignee liability to TILA or HOEPA violations. 15 U.S.C. § 1641(d)(1), *see Cazares v Pacific Shore Funding, 2006 WL 149,106 (CD Cal Jan 3 2006).*

Ballard was being told through letters and recorded assignments that his loan was changing hands, but he was not getting the requisite notice which he testified to directly by declaration. [ER 6:1092-1114] A creditor cannot come into court and point to its own documents it was using to foreclose and say "just kidding" or "oops" and thereby have an entire case dismissed. Those are admissions against interest, and it should have went to a jury to decide whether they were truthful or not. The summary judgment should be reversed.

### D. PLAINTIFF HAD STANDING (INJURY) TO BRING AN UNFAIR COMPETITION LAW ("UCL") CLAIM

#### 1. INJURY IN FACT AS TO BANK OF AMERICA

Defendant contends there is no evidence that Bank of America injured Ballard through its (1) unlawful, (2) unfair, or (3) fraudulent business acts/practices.

First, Bank of America completely ignores the third prong – fraudulent business practices.

Second, Bank of America argues that it never subjected Ballard to foreclosure. However, Bank of America had placed Ballard in foreclosure for

several months. His home was set to sell when he sought judicial relief. [ER 6:1077-1088]

A claim is ripe on the date he files suit. Standing is looked at as of that date, not after the suit is filed. The court in *Wallace v Geico General Ins, Co*, 183 CalApp4th 1390, 1401 (2010) The fact that Defendant Bank of America rescinded the Notice of Default during litigation only "mitigated" defendant's damages, it did not nullify it.

Second, Bank of America erroneously sent Ballard a letter rejecting a loan modification he qualified for. Bank of America sent a form letter which erroneously stated his investors or group of investors refused to modify loans. This is clearly not true now that Ballard's loan was in fact modified. However, it was modified at a cost. Bank of America did not modify the loan at the time they should have, instead of sending the erroneous letter. Instead, Ballard incurred more interest, late fees and other expenses that were then capitalized to his loan. But for Bank of America's fraudulent denial letter, Ballard would not have been charged that extra expense.

Mr. Ballard declared he was trying to modify his loan. When they didn't modify it he tried finding out who the servicer was. He said he had a HELOC and needed to modify the first before he could modify the second. The bank made him miss three payments. This was in the record for the TRO hearings. He

16

was stuck in foreclosure all the way up to the time he filed suit. This business practice of dual tracking was unfair. The unfairness can be shown by HBOR which now makes such tactics unlawful. *Jolley v Chase* 213 Cal App4th 872 (2013). [ER 379-386]

When one does not receive the benefits one was promised then he has suffered economic injury because he did not receive the promised benefits. *See Johnson v General Mills, Inc.*, 275 FRD 282, 286 (CD Cal 2011). *See also, Boschma v Home Loan Ctr, Inc.* 198 CalApp4th 230, 254 (2011)

Third, the court said that the interference of Mr. Ballard being prohibited from modifying his HELOC until Bank of America/Nationstar modified his first loan was only supported by a "vague declaration." Vague declarations are completely appropriate. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999) The court used the incorrect standard. HAMP regulations clearly state that the servicer must modify the first mortgage before it can modify the second mortgage. [ER 4:463-693] Defendants contended that Mr. Ballard was not in the HAMP program, however a genuine issue of material fact existed as to that contention as well.

The district court also erroneously concluded that Ballard was not entitled to a modification on his loan. This was improper weighing of the evidence, and ended up being the wrong conclusion. After the appeal started Ballard obtained

a modification on his loan and on his HELOC. [RJN/FER 1-15]  But for the fact that the court erroneously weighed the evidence as to whether Ballard was entitled to a loan modification, Ballard would have survived summary judgment.

Only a "trifle" amount of an injury is required and the economic loss can be defined in immeasurable ways. *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011)Ballard has more than met his burden here.

Ballard specifically declared when he got his loan he did not want impound of taxes and insurance. [ER 3:381]. He also declared that defendants started to impound his taxes and insurance as a result of this modification process and those charges doubled. [ ER 3:381-82, 389-98] This is a trifle of an injury in the record.

## 2.  INJURY IN FACT AS TO US BANK AND WELLS FARGO

Injury in fact to have standing to bring this claim was outlined in *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011) where the California Supreme Court reaffirmed "economic injury from unfair competition may be shown: A plaintiff may (1) surrender in a transaction more, or acquire in a transaction less, than he or she otherwise would have; (2) have a present or future property interest diminished; (3) be deprived of money or property to which he or she has a cognizable claim; or (4) be required to enter into a transaction, costing money or property, that would otherwise have been unnecessary." Id. at 323.

Defendants have not responded to the standing of Ballard's UCL claim as to US Bank or Wells Fargo. Since they failed to argue that the court was correct in finding summary judgment against Wells Fargo and US Bank under the UCL this court can presume that the evidence and law are not in their favor.

As stated above, Ballard received a letter stating he was denied a loan modification because the investors were not modifying loans. [ER 6:1092] 15 USC § 1641g was enacted so borrowers had an additional tool in modifying their loans by requiring the creditors and assignees to disclose transfer of a borrower's loan. That went into effect in May 2009.

Ballard asked for the identity of his new creditor and he received conflicting answers between Wells Fargo Bank and US Bank so he sued them both because he knew that the loan modification denial was bogus. [ER 6:1077-1088]

Moreover, after Bank of America told him to stop making payments, and he was denied his loan modification, there was an instruction inserted in Bank of America's computer records to reject any loan payments from Ballard. So when Ballard went in to pay his loan and get it current, his payment was rejected. [ER 6:1077-1088]

Thus, if he was going to get relief, it was from his current creditor, not Bank of America. However, by hiding their identity they made it impossible for Ballard to negotiate his loan.

19

The Legislature has already declared this to be (1) unlawful; and by failing to comply it would be (2) unfair for UCL purposes, even if the transfers occurred before 2009. *Jolley v Chase* 213 Cal App4th 872 (2013).

The court also ignored the proposition that Mr. Ballard forwarded – that although he had equity in his home, his title was clouded due to the conflicting assignments in his chain of title. The clouding of Mr. Ballard's title and hindering his ability to use his equity was an injury that the UCL is designed to redress. In a footnote, the court notes that there is no proof of the title being clouded. [ER 1:8] However, the Notice of Default and Notice of Sale that were on his record up to the date of filing this lawsuit, along with the various assignments sitting in the recorder's office are evidence that title is clouded.

There is no discussion about the defendants utter failure to properly identify the lender in the loan modification process, something that propelled 15 USC §1641g into fruition. To summarily conclude Plaintiff's loss of his home was his own failure, is purely speculative.

## E. NATIONSTAR BECAME THE SUBSERVICER OF BALLARD'S LOAN AND AS SUCH WAS JOINTLY AND SEVERALLY LIABLE

Defendants contend the judgment should be affirmed as to Nationstar. (RB 36). Nationstar is a subservicer. The appeal did and does challenge affirming judgment as to Nationstar. The loan was transferred to Nationstar during litigation. "[A] concurrent tortfeasor whose negligence is a proximate cause of an indivisible

injury remains liable for the total amount of damages, diminished only 'in proportion to the amount of negligence attributable to the person recovering.' " (*American Motorcycle Assn. v. Superior Court* (1978) 20 Cal.3d 578, 590 [146 Cal.Rptr. 182, 578 P.2d 899], citing *Li v. Yellow Cab Co.* (1975) 13 Cal.3d 804, 829 [119 Cal.Rptr. 858, 532 P.2d 1226].)

Nationstar also represented by letter that Wells Fargo was the new creditor in 2013. [ER 4:379-80, 385-87]

As such it is being held jointly and severally liable. The District Court allowed plaintiff to bring Nationstar into the case on this basis. Defendants failed to appeal that decision so they waived it now.

## F. A GENUINE ISSUE OF MATERIAL FACT EXISTED WARRANTING A TRIAL ON PLAINTIFF'S NEGLIGENCE CLAIM

Defendant contends the second legal theory of general duty of care was waived because it was brought up for the first time on appeal. Such issues are properly brought to the appellate panel's attention for the first time on appeal because they are pure issues of law. *Columbia Steel Casting Co., Inc. v. Portland General Electric Co.*, 111 F.3d 1427, 1443 (9th Cir. 1997).

Defendants stood on their erroneous argument of waiver, so Plaintiff will not regurgitate what was laid out in the Opening brief on this issue.

## G. PROBATIVE EVIDENCE EXISTS SHOWING THE LOAN WAS TRANSFERRED TO US BANK AND WELLS FARGO AFTER 15 USC § 1641(G) WAS ENACTED IN 2009

Defendant contends plaintiff provided "no probative evidence" that Wells Fargo and US Bank obtained Plaintiff's loan after May 2009. Plaintiff alleged he obtained a loan from Countrywide. He showed the court documents by Wells Fargo and US Bank's own authorized agent, Bank of America, said Ballard's loan was being assigned to a new creditor via letters and assignments of deeds of trusts recorded on his title. Those documents postdated May 2009. [ER 3:385-88; 4:710-751]

The MBS trust documents in all of their hundreds of pages never specifically identified Ballard's loan. Even if they had, with other written evidence saying something else, it was for the jury to decide which side was right.

There is no evidentiary presumption that a MBS FWP means the transfer actually occurred on that date. Surely none can exist when the loan isn't even identified. Even if any presumption existed, and it does not, it surely was rebutted when HSBC recorded two assignments during the middle of briefing the summary judgment below stating that HSBC Sequoia trust owned Ballard's loan.

Consequently, there was probative evidence that Wells Fargo and US Bank both obtained assignment of Ballard's loan after 2009 both to beat a motion to dismiss and summary judgment.

This is especially true when an Assignment was made to Bank of America in 2012. [ 4:710-751]

Defendants completely sidestep the issue that the notion that the creditor actually obtained the assignment before 2009 is in actually an affirmative defense. Nowhere in the statute does it state that the plaintiff must prove when the Defendant actually obtained the assignment. 15 USC §1641(g). Plaintiff's burden is to prove that plaintiff did not obtain timely and accurate notice of the assignment.

The court said "plaintiff" did not provide the letters in its order. [ER 1:11] That is true. The court also concluded that the letters were then not in the record. [ER 1:11] That was error. Plaintiff did not refile the letters in the TRO papers on the grounds the Defendants filed them in the summary judgment motion and plaintiff relied on it being in the record. [SER 1:20-46 ] They also replied with the HSBC assignments too. [3:329-333]

The court committed reversible error.

## H. An OSC Re: Sanctions are Warranted

Defendants caused this appeal by deceiving the district court into believing that Ballard was not eligible for a loan modification. The court found no damage as a result. They put in a letter he was not eligible on the grounds the investors (of the MBS trust) refused to modify loans. [SER 1:20-46]

23

Pending appeal, Ballard was able to prove the Defendants wrong on both counts. He obtained a loan modification on his loan. It ended up being a Fannie Mae/Freddie Mac Loan. (RJN/SER 1-12) Furthermore, the second HELOC is now in the modification process – which they characterized as speculative. (RJN/SER 13-15)

The Defendants who purport to service and own this loan, had knowledge of the modification during this appeal and time to correct the record. The modification occurred in July 2014. The Defendants' filed their brief on November 7, 2014. Instead of correcting the record, or at least admitting their error, they continued to argue, now before this court, that Ballard was not qualified for a loan modification.

This is not the first time appellate courts have found the financial institutions gaining favorable determinations through less than candid means. The case of *McCulley v American Land Title Co.* (US Bank) 2013 MT 89; 369 Mont. 433; 300 P.3d 679; 2013 Mont. LEXIS 112 (Mont. 2013), was one where the financial institutions lied and obtained summary judgment as a result. The Montana Supreme Court reversed the dismissal and after trial the court found that the untruths during the summary judgment proceedings warranted no reduction in a punitive damage award of $5,000,000.00. Appellant is not suggesting that the counsel are the same, because they are not. Appellant is showing the court that

24

this should not be merely shrugged off as some aberration. This has unnecessarily multiplied the proceedings for the Appellant. Cir Rule 46-2; 28 USC § 1927.

## III. CONCLUSION

For the reasons stated herein, this Court should reverse the district court's decision granting summary judgment to each and every defendant and reinstate this action. Moreover, the court should direct the district court to award costs and fees to plaintiff in an amount to compensate him in obtaining the rescission of notice of default.

**Appellant requests oral argument.**

Dated: December 19, 2014    Respectfully Submitted,
              LAW OFFICES OF LENORE ALBERT


              */s/ Lenore Albert*_____

              *LENORE L. ALBERT, ESQ.*
              Counsel for Plaintiff/Appellant,
              *Steve Ballard, an individual, on behalf of*
              *himself and all others similarly situated*

## STATEMENT OF RELATED CASES

Plaintiffs/Appellants is aware that the following cases pending in this Court

that would be deemed related pursuant to Ninth Circuit Rule 28-2.6.

*Talaie v Wells Fargo Bank, N.A.* Case No. 13-56314

Dated: December 19, 2014                    Respectfully Submitted,
                                            LAW OFFICES OF LENORE ALBERT


                                            */s/ Lenore Albert*_____

                                            *LENORE L. ALBERT, ESQ.*
                                            Counsel for Plaintiff/Appellant,
                                            *Steve Ballard, an individual, on behalf of*
                                            *himself and all others similarly situated*

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with enlargement of brief size permitted by the Ninth Circuit Rule 28-4. The brief's type size and type face comply with Federal Rules of Civil Procedure, rule 32(a)(5) and (6). This brief has 6,995 words not including this Certificate and excluding the portions exempted by the Federal Rules of Appellate Procedure, rule 32(a)(7)(B)(iii), if applicable.

Dated: December 19, 2014        Respectfully Submitted,
LAW OFFICES OF LENORE ALBERT


*/s/ Lenore Albert*_____

*LENORE L. ALBERT, ESQ.*
Counsel for Plaintiff/Appellant,
*Steve Ballard, an individual, on behalf of himself and all others similarly situated*

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on December 19, 2014.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Hon. Josephine Staton
United States District Court
Central District of California
411 W. Fourth Street
Santa Ana, CA  92701-4518

District Attorney's Office
401 Civic Center Drive
Santa Ana, CA 92701

Office of the Attorney General
Attn: Solicitor General's Office
PO Box 944255
Sacramento, CA 94244-2550


Dated: December 19, 2014

/s/ Lenore Albert_____
    Lenore Albert

28